FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

FEB 27 2018

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CAUSE NO. 917CR27 |
| | § | CHIEF JUDGE CLARK |
| TYNO KEO | § | |

## FACTUAL BASIS

The government presents to the Court, by and through the undersigned Assistant United States Attorney in and for the Eastern District of Texas, joined by the defendant Tyno Keo, and the defendant's attorney James Alston, and presents this factual basis in support of the defendant's plea of guilty to Count Two of the Superseding Indictment and in support thereof, would show the following:

1. That the defendant, Tyno Keo, hereby stipulates and agrees to the truth of all matters set forth in this factual basis, and agrees that such admission may be used by the Court in support of his plea of guilty to County Two of the Superseding Indictment, which charges a violation of 8 U.S.C. §§1324(a)(1)(A)(iii) and (a)(1)(B)(i).

2. That the defendant, Tyno Keo, who is pleading guilty to such charge, is one and the same person charged in the Superseding Indictment.

3. That the events described in Count Two of the Superseding Indictment occurred in the Eastern District of Texas and elsewhere.

4. That had this matter proceeded to trial, the government, through the testimony of witnesses, including expert witnesses, and through admissible exhibits, would have proven, beyond a reasonable doubt, each and every essential element of the offense

alleged in Count Two of the Superseding Indictment; specifically, the government would have proven the following stipulated facts:

a. In 2012, arrangements were made so that S.L. could travel from Cambodia to the United States to work as a maid and caretaker in the home of Tyno Keo and Phearom Lay and in the Donut Shop owned by Tyno Keo and Phearom Lay.

b. On or about September 21, 2012, S.L. received a Visa to travel to the United States as a tourist for a period of three months.

c. S.L. arrived in the United States on September 26, 2012, and went to Tyno Keo and Phearom Lay's home in Nacogdoches, Texas.

d. From on or about September 26, 2012, to on or about May 4, 2013, S.L. helped with household chores and taking care of Tyno Keo and Phearom Lay's children. Some of this time, she would also work at the Donut Shop owned by Tyno Keo and Phearom Lay.

e. The residence of Tyno Keo and Phearom Lay and the Donut Palace are both located in Nacogdoches, Texas, which is located within the Eastern District of Texas.

f. Originally, it was agreed that S.L. would be paid a salary of $1,000 per month. A portion of which was withheld to repay the $50,000 debt advanced towards the obtaining of the Visa and travel.

g. Tyno Keo continued to employ and harbor S.L. in his home after S.L.'s Tourist Visa expired on December 19, 2012.

h. On January 14, 2014, Tyno Keo was interviewed by law enforcement. Tyno Keo stated that his sister-in-law paid $50,000 to unknown people in Cambodia who arranged for S.L. to travel to the United States and told her what to say during her interview at the embassy in Cambodia so that she could obtain the travel visa. Tyno Keo explained that his sister-in-law agreed to pay the $50,000 as her share of debt incurred from medical expenses for Tyno Keo's father-in-law.

i. Tyno Keo stated that S.L. agreed to incur the debt and work for him and Phearom Lay. He admitted that S.L. eventually worked in the home and at the Donut Palace. He stated that a record of the $50,000 debt was kept as his home and that Phearom Lay kept track of the debt. On January 14, 2014, Phearom Lay provided law enforcement with a copy of the ledger she used to record the debt.

j. Tyno Keo agrees that he knew or recklessly disregarded the fact that S.L., an alien, was not lawfully in the United States and that he concealed, shielded or harbored S.L. Tyno Keo agrees that he intended to conceal, shield, or harbor S.L. to facilitate S.L.'s continued illegal presence and that he acted for commercial advantage or private financial gain by paying S.L. less than the federally mandated minimum wage.

DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

5. I have read this factual basis and the indictment or have had them read to me and have discussed them with my attorney. I fully understand the contents of this factual basis and agree without reservation that it accurately describes the events and my acts.

Dated: 2-9-18

TYNO KEO
Defendant

DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

6. I have read this factual basis and the indictment and have reviewed them with my client, Tyno Keo. Based upon my discussions with the defendant, I am satisfied that the defendant understands the factual basis as well as the indictment, and is knowingly and voluntarily agreeing to these stipulated facts.

Dated: 2/27/18

JAMES ALSTON
Attorney for the Defendant

Respectfully submitted,
JOSEPH D. BROWN
~~BRIT FEATHERSTON~~
~~ACTING~~ UNITED STATES ATTORNEY

LAUREN GASTON
Assistant United States Attorney
Eastern District of Texas
415 S. First Street, Ste. 201
Lufkin, TX 75901
Texas Bar No. 24050647

Factual Basis – Page 4